United States District Court
For the Northern District of California

1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6        FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8

9

10  KENNETH GIBBS,                          No. C-13-02529 TEH (PR)

11              Plaintiff,
                                            ORDER OF DISMISSAL
12          v.

13  THOMAS J. MARTINELLI, DR.
    CRINKLAW, AND NURSE TUPPMAN,
14
                Defendants.
15

16  _____/

17

18       Kenneth Gibbs, an inmate incarcerated at Pelican Bay State

19  Prison (PBSP), filed this pro se civil rights action under 42 U.S.C.

20  § 1983.   Plaintiff is granted leave to proceed in forma pauperis in

21  a separate order.  For the reasons stated below, this action is

22  dismissed as duplicative.

                                I
23

24       A federal court must engage in a preliminary screening of any

25  case in which a prisoner seeks redress from a governmental entity or

26  officer or employee of a governmental entity.  See 28 U.S.C.

27  § 1915A(a).  In its review the court must identify any cognizable

28  claims, and dismiss any claims which are frivolous, malicious, fail

1 to state a claim upon which relief may be granted, or seek monetary

2 relief from a defendant who is immune from such relief.  28 U.S.C.

3 § 1915A(b).  <u>Pro se</u> pleadings must be liberally construed.

4 <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir.

5 1990).  A complaint that asserts claims duplicative of those raised

6 in an earlier action may be dismissed.  <u>Cato v. United States</u>, 70

7 F.3d 1103, 1105 n.2 (9th Cir. 1995); <u>Bailey v. Johnson</u>, 846 F.2d

8 1019, 1021 (5th Cir. 1988) (duplicative or repetitious litigation of

9 virtually identical causes of action is subject to dismissal under

10 28 U.S.C. § 1915 as malicious).

11                                    II

12      In this complaint, Plaintiff alleges that he contracted herpes

13 as a result of a colonoscopy he underwent at Sutter Hospital, that

14 he developed blisters in his mouth as a result of the herpes, that

15 he fashioned an instrument from a paper clip to pop the blisters,

16 that he was alleged to have committed a rules violation based on the

17 ground that the paper clip was a weapon, that at the rules violation

18 hearing he was not allowed to call witnesses on his behalf and, as a

19 result, he was found guilty without due process.  These claims are

20 duplicative of the claims Plaintiff asserted in an earlier action

21 filed in this Court, <u>Gibbs v. Carson</u>, C 13-0860 TEH (PR) (<u>Carson</u>

22 case), which is still pending.  In the <u>Carson</u> case, the Court found

23 several claims to be cognizable and ordered service of process on

24 several Defendants.  The served Defendants have not yet filed a

25 dispositive motion.

26      The only difference in the two complaints appears to be

27 that, in the present action, Plaintiff alleges that Dr. Thomas J.

28
                                    2

1  Martinelli, a doctor who contracted with the California Department

2  of Corrections and Rehabilitation (CDCR), caused Plaintiff's herpes

3  by using unsterilized instruments when he performed Plaintiff's

4  colonoscopy.  See Doc. #3, Plaintiff's Civil Complaint and Demand

5  for Jury Trial at 9.

6       "Plaintiffs generally have 'no right to maintain two

7  separate actions involving the same subject matter at the same time

8  in the same court and against the same defendant.'" Adams v.

9  California Dept. of Health Servs., 487 F.3d 684, 689 (9th Cir. 2007)

10  (citations omitted).  District courts retain broad discretion to

11  control their dockets, which includes the dismissal of duplicative

12  later-filed actions.  Id. at 692-94.  An IFP complaint repeating the

13  same factual allegations asserted in an earlier case, even if now

14  filed against new defendants, therefore, is subject to dismissal as

15  duplicative.  Bailey, 846 F.2d at 1021.

16       Because Plaintiff's claims are duplicative of claims that

17  he raised in a prior action that is currently pending before this

18  Court, the instant action will be dismissed.  However, Plaintiff is

19  given leave to file a Second Amended Complaint (SAC) in the Carson

20  case to add Dr. Martinelli as a Defendant.  However, in the SAC,

21  Plaintiff may not add new claims or Defendants other than Dr.

22  Martinelli.  If Plaintiff files an SAC in the Carson case, the Court

23  will review it under 28 U.S.C. § 1915A to determine if the

24  allegations are sufficient to state a cognizable claim against Dr.

25  Martinelli.

26                              III

27       Accordingly, the Court dismisses this action without

28
                              3

1  prejudice to Plaintiff filing an SAC in the <u>Carson</u> case, No. 13-0860

2  TEH (PR), to add allegations against Dr. Martinelli.  In the SAC,

3  Plaintiff should only include allegations against Dr. Martinelli

4  that show how he violated Plaintiff's constitutional right;

5  Plaintiff should not reallege all of his claims against all

6  Defendants.  In the upper right-hand corner of the SAC, Plaintiff

7  must include the case number of the <u>Carson</u> case, No. 13-0860 TEH

8  (PR) and, under the case number, write the words, "Second Amended

9  Complaint."  Plaintiff must file the SAC no later than twenty-one

10  days from the date of this Order.

11

12          IT IS SO ORDERED.

13  DATED      *06/19/2013*          _____
                                        THELTON E. HENDERSON
14                                      United States District Judge

15

16

17

18

19

20

21

22

23

24  G:\PRO-SE\TEH\CR.13\Gibbs 13-2529 Dis as duplicative.wpd

25

26

27

28
                                    **4**