IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH GIBBS,<br><br>        Plaintiff,<br><br>    v.<br><br>THOMAS J. MARTINELLI, DR. CRINKLAW, AND NURSE TUPPMAN,<br><br>        Defendants.<br>_____/ | No. C-13-02529 TEH (PR)<br><br>ORDER OF DISMISSAL |

    Kenneth Gibbs, an inmate incarcerated at Pelican Bay State Prison (PBSP), filed this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, this action is dismissed as duplicative.

I

    A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail

1  to state a claim upon which relief may be granted, or seek monetary
2  relief from a defendant who is immune from such relief.  28 U.S.C.
3  § 1915A(b).  Pro se pleadings must be liberally construed.
4  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
5  1990).  A complaint that asserts claims duplicative of those raised
6  in an earlier action may be dismissed.  Cato v. United States, 70
7  F.3d 1103, 1105 n.2 (9th Cir. 1995); Bailey v. Johnson, 846 F.2d
8  1019, 1021 (5th Cir. 1988) (duplicative or repetitious litigation of
9  virtually identical causes of action is subject to dismissal under
10 28 U.S.C. § 1915 as malicious).

## II

In this complaint, Plaintiff alleges that he contracted herpes as a result of a colonoscopy he underwent at Sutter Hospital, that he developed blisters in his mouth as a result of the herpes, that he fashioned an instrument from a paper clip to pop the blisters, that he was alleged to have committed a rules violation based on the ground that the paper clip was a weapon, that at the rules violation hearing he was not allowed to call witnesses on his behalf and, as a result, he was found guilty without due process.  These claims are duplicative of the claims Plaintiff asserted in an earlier action filed in this Court, Gibbs v. Carson, C 13-0860 TEH (PR) (Carson case), which is still pending.  In the Carson case, the Court found several claims to be cognizable and ordered service of process on several Defendants.  The served Defendants have not yet filed a dispositive motion.

     The only difference in the two complaints appears to be that, in the present action, Plaintiff alleges that Dr. Thomas J.

Martinelli, a doctor who contracted with the California Department of Corrections and Rehabilitation (CDCR), caused Plaintiff's herpes by using unsterilized instruments when he performed Plaintiff's colonoscopy. See Doc. #3, Plaintiff's Civil Complaint and Demand for Jury Trial at 9.

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams v. California Dept. of Health Servs., 487 F.3d 684, 689 (9th Cir. 2007) (citations omitted). District courts retain broad discretion to control their dockets, which includes the dismissal of duplicative later-filed actions. Id. at 692-94. An IFP complaint repeating the same factual allegations asserted in an earlier case, even if now filed against new defendants, therefore, is subject to dismissal as duplicative. Bailey, 846 F.2d at 1021.

Because Plaintiff's claims are duplicative of claims that he raised in a prior action that is currently pending before this Court, the instant action will be dismissed. However, Plaintiff is given leave to file a Second Amended Complaint (SAC) in the Carson case to add Dr. Martinelli as a Defendant. However, in the SAC, Plaintiff may not add new claims or Defendants other than Dr. Martinelli. If Plaintiff files an SAC in the Carson case, the Court will review it under 28 U.S.C. § 1915A to determine if the allegations are sufficient to state a cognizable claim against Dr. Martinelli.

III

Accordingly, the Court dismisses this action without

3

prejudice to Plaintiff filing an SAC in the <u>Carson</u> case, No. 13-0860 TEH (PR), to add allegations against Dr. Martinelli.  In the SAC, Plaintiff should only include allegations against Dr. Martinelli that show how he violated Plaintiff's constitutional right; Plaintiff should not reallege all of his claims against all Defendants.  In the upper right-hand corner of the SAC, Plaintiff must include the case number of the <u>Carson</u> case, No. 13-0860 TEH (PR) and, under the case number, write the words, "Second Amended Complaint."  Plaintiff must file the SAC no later than twenty-one days from the date of this Order.

IT IS SO ORDERED.

DATED     06/19/2013

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.13\Gibbs 13-2529 Dis as duplicative.wpd

4